CITY OF JACKSON *v.* FERGUSON *et al.*

(Division B.   Oct. 30, 1933.   Suggestion of Error Overruled, Nov. 27, 1933.)

[150 So. 531.   No. 30877.]

**W. E. Morse,** of Jackson, for appellant.

**E. W. Stennett,** of Jackson, for appellees.

Argued orally by **W. E. Morse**, for appellant, and by **E. W. Stennett**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

The county of Hinds has created and has in operation a department of health under the provisions of section 4926, Code 1930. The municipal authorities of the city of Jackson thereafter, and lately, having come to the conclusion that the said county health department was and is not able to give proper protection to the inhabitants of the city in the matter of the inspection of milk and milk products and in the sale thereof in said city, passed an ordinance creating the office of food inspector for the city, and required all who offer such products for sale in the city to submit to inspection by said city officer and to pay certain fees therefor, fixed in the ordinance. Appellees are producers of milk and milk products in the county and regularly sell their products in the city of Jackson. They exhibited their bill for an injunction against the city to prohibit the enforcement of the ordinance as to them and as to all others similarly situated. and upon hearing the chancery court granted the injunction prayed and made it permanent.

Appellees rely upon the concluding sentence of said section 4926, Code 1930, which read as follows: "When any county or counties create a health department hereunder, then all other local or municipal or county public health agencies and departments are thereby automatically abolished and said county and district health de-

partment shall have full control over all health matters in said county and counties, including all municipalities therein, but subject to the supervision, direction, and jurisdiction of the state board of health; provided, however, that the proper authorities of any municipality in the state of Mississippi are hereby authorized in their discretion to make an appropriation for the support of such county or district health department from the general funds of such municipality.''

Appellant city contends that section 4926 should be considered as in pari materia with the several general statutes giving power to municipalities to enact ordinances and to prescribe regulations for the preservation of the health of the inhabitants thereof, and appellant argues that, when so considered, the city is vested with concurrent jurisdiction in such matters in those counties which have established a health department under section 4926. It will be noted, however, that the quoted sentence taken from section 4926 is a particular provision applicable to particular situations, and, under familiar rules, controls over general statutes governing general situations. The quoted language is expressly, and in plain terms, that, when a county has created a health department, the action of the county shall have the effect automatically to abolish all other local or municipal health agencies within that county. We cannot grasp the conception that a particular municipal agency can have any jurisdiction or power or existence, concurrent or otherwise, when it has been or is abolished. The contention of the city, if sustained, would not be to read section 4926 as in pari materia with the other general statutes mentioned, but would be to repeal that particular section in part by judicial construction, and, this accomplished, to allow the other general statutes to come into effect in contravention of the plain and mandatory words of the particular statute thus partially repealed. This, of course, the courts are without the authority to do.

Affirmed.